UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY J. BRODZKI,                                )<br>                                                              )<br>                       Plaintiff,               )<br>     vs.                                                   )    Case No.: 2:12-cv-00033-GMN-PAL<br>                                                              )<br>COOK COUNTY, ILLINOIS,                 )    **ORDER**<br>                                                              )<br>                       Defendant.           )<br>                                                              ) | |

Pending before the Court is the Report of Findings and Recommendation (ECF No. 2) submitted by Magistrate Judge Peggy A. Leen.  Plaintiff Anthony J. Brodzki filed an Objection to the Report and Recommendation on February 6, 2012. (ECF No. 4.)

I.      **BACKGROUND**

Plaintiff has filed a Complaint (ECF No. 3) against Cook County, Illinois, claiming "emotional infliction of stress," and appearing to claim violations described as "[a]ssault battery, 1st amendment rights, and 4th amendment rights." Plaintiff requests "damages of 5,000,000." To support his claims, Plaintiff appears to describe an experience he had while working in the carpenter shop "some years ago" when he was employed by "the cook county forest preserve in the past." He states that he "bring[s] venue here because I lived here for 4 years and 2 months recently[, f]rom 4-1-05 to 6-04-09." Plaintiff identifies a person named "Charles marine" who attempted to coerce Plaintiff to perform a sexual act and then masturbated in front of Plaintiff. Plaintiff names two witnesses to this event, "peno" and "Mr. givens."

The Magistrate Judge's Report and Recommendation found that allegations of other facts would not cure the deficiencies in the Complaint, and recommended dismissal with prejudice. (ECF No. 2.)

In his Objection, Plaintiff adds the detail that "Charles marine" is or was "a boss at the cook county forest preserves." (ECF No. 4.)  Plaintiff also elaborates upon the incident described in his Complaint.  Plaintiff makes reference to lines 21-24 of the second page of the Report and Recommendation, which states that "[t]he court finds that Plaintiff's factual claims describe fantastic and delusional scenarios and do not state a claim upon which relief can be granted." (Report and Recommendation, 2:23-24.)  To this statement Plaintiff responds, "Getting raped and sodomized is delusional your honor?" (Pl.'s Objection, 1:8, ECF No. 4.)  The remainder of Plaintiff's Objection appears to object to the entirety of the Report and Recommendation.

## II.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  If a party makes a timely objection to the Magistrate Judge's recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

*State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).  Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. **DISCUSSION**

Although the facts alleged in Plaintiff's Complaint support an inference of impropriety on the part of the person named "Charles marine," Plaintiff does not state sufficient facts to support a legal claim against Cook County for negligent or intentional infliction of emotional distress, assault and battery, or for violation of First and Fourth Amendment rights under the United States Constitution.

The First Amendment of the United States Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."  Plaintiff does not allege any facts showing a violation of these rights on the part of Cook County.

The Fourth Amendment of the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Plaintiff does not allege any facts showing a violation of these rights on the part of Cook County.

Under Nevada law, to maintain a cause of action for assault a plaintiff must allege that the actor: (1) intended to cause harmful or offensive physical contact; and (2) the victim was put in apprehension of such contact. *See Switzer v. Rivera*, 174 F.Supp. 2d 1097, 1109 (D. Nev. 2001). To maintain a cause of action for battery, a plaintiff must allege that the actor: (1) intended to cause harmful or offensive contact; and (2) that the contact occurred. *Id*. Here, Plaintiff does not allege that any contact occurred, and therefore alleges no facts supporting a claim of battery. Plaintiff's description of the facts may support an inference of assault on the part of "Charles marine,"; however, in his Complaint Plaintiff does not allege that "Charles marine" was an agent of Cook County, nor does he allege any other relationship that would support liability on the part of Cook County.

The elements of a cause of action for intentional infliction of emotional distress ("IIED") are: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). Extreme and outrageous conduct is that which is "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998). Just as with IIED, in order to establish a claim for negligent infliction of emotional distress ("NIED"), "the plaintiff needs to show 'extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress.'"

*Nevada v. Eighth Judicial Dist. Court ex rel. County of Clark*, 42 P.3d 233, 241 (Nev. 2002) (quoting *Shoen v. Amerco, Inc.*, 896 P.2d 469, 476 (1995)).  Though Plaintiff does not specifically allege infliction of emotional distress, the Court finds that even if he had, his claim is insufficiently pleaded to plausibly establish negligent or intentional infliction of emotional distress.  At most, the facts alleged by Plaintiff can only support an inference of possible infliction of emotional distress by "Charles marine."  Furthermore, no plausible inference can be made against Cook County from the facts stated by Plaintiff in his Complaint.

For the reasons discussed above, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.  Therefore, the Magistrate Judge's recommendation to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted is adopted and accepted.  The Court must next consider whether to grant Plaintiff leave to file an amended complaint.

The Court notes that Plaintiff has filed two other Complaints against this Defendant in the District of Nevada. *See Brodzki v. Cook County*, No. 2:11-cv-01852-RCJ-PAL, 2012 U.S. Dist. LEXIS 3107 (D. Nev. 2012) (dismissing the complaint with prejudice for failure to state a claim upon which relief can be granted), *appeal docketed*, No. 12-15101 (9th Cir. Jan. 17, 2012); *Brodzki v. Cook County*, No. 2:12-cv-00104-GMN-CWH (D. Nev. filed Jan. 20, 2012).

The Court also notes that Plaintiff has filed seventeen lawsuits before the District of Nevada since July 2010. *See Brodzki v. Regional Justice Ctr.*, No. 2:10-cv-01091-LDG-LRL, 2010 U.S. Dist. LEXIS 141865 (D. Nev. 2010); *Brodzki v. Gillispie*, No. 2:10-cv-02051-KJD-GWF (D. Nev. filed Nov. 23, 2010); *Brodzki v. Nevada*, No. 3:11-cv-00206-LRH-VPC, 2011 U.S. Dist. LEXIS 107221 (D. Nev. 2011); *Brodzki v. Westerman*, No. 2:11-cv-00697-PMP-GWF, 2011 U.S. Dist. LEXIS 96509 (D. Nev. 2011); *Brodzki v. Gillespie*, No. 2:11-cv-01041-LDG-RJJ (D. Nev. filed June 23, 2011); *Brodzki v. City of Las Vegas*, No. 2:11-cv-01489-KJD-PAL (D. Nev. filed Sept. 15, 2011); *Brodzki v. City of Chicago*, No. 2:11-cv-01655-PMP-CWH, 2011 U.S.

Dist. LEXIS 128187 (D. Nev. filed Oct. 13, 2011); *Brodzki v. Cook County*, No. 2:11-cv-01852-RCJ-PAL (D. Nev. 2012); *Brodzki v. Station Casinos, Inc.*, No. 2:11-cv-01851-PMP-VCF, 2011 U.S. Dist. LEXIS 134660 (D. Nev. 2011); *Brodzki v. City of Las Vegas*, No. 2:11-cv-01953-PMP-GWF, 2012 U.S. Dist. LEXIS 10395, (D. Nev. 2012); *Brodzki v. Jacks*, No. 2:11-cv-02060-JCM-RJJ, 2012 U.S. Dist. LEXIS 16593 (D. Nev. 2012); *Brodzki v. City of Las Vegas – Metro*, No. 2:11-cv-02075-PMP-PAL, 2012 U.S. Dist. LEXIS 15961 (D. Nev. 2012); *Brodzki v. City of North Richland Hills*, No. 2:11-cv-02101-RCJ-CWH (D. Nev. filed Dec. 27, 2011); *Brodzki v. Cook County*, No. 2:12-cv-00033-GMN-PAL (D. Nev. filed Jan. 9, 2012); *Brodzki v. Tarrant County Sheriff*, 2:12-cv-00040-JCM-VCF, 2012 U.S. Dist. LEXIS 9689 (D. Nev. filed Jan. 10, 2012); *Brodzki v. Tarrant County Dist. Att'y*, 2:12-cv-00041-RCJ-RJJ (D. Nev. filed Jan. 10, 2012); *Brodzki v. Cook County*, 2:12-cv-00104-GMN-CWH (D. Nev. filed Jan. 20, 2012).

Plaintiff also has a history of filing deficient complaints and frivolous lawsuits in other jurisdictions. *See*, *e.g.*, *Brodzki v. CBS Sports*, Civ. No. 10-1141-SLR, 2011 WL 1327122, at *3 (D. Del. April 5, 2011) (dismissing the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)). The Delaware District Court noted:

> According to the National Case Party Index database, beginning in 2009 to date, [Brodzki] has filed over seventy civil actions, nine appeals, and one bankruptcy. The United States District Court for the Northern District of Illinois issued a vexatious litigant order against plaintiff, *In Re: Anthony J. Brodzki*, Civ. No. 10-04591 on July 23, 2010. In addition, plaintiff was sanctioned on April 19, 2010, in the United States District Court for the Northern District of Texas based upon his history of submitting multiple frivolous lawsuits in *Brodzki v. North Richland Hills Police Dep't*, Civ. No. 10-0539-P-BH, 2010 WL 1685798 (N.D.Tex. Apr.19, 2010), *aff'd*, No. 10-10428, 2011 WL 148136 (5th Cir. Jan. 18, 2011).

*Id*. at *2. The Court's research confirms this estimate, and that the number of actions filed by Plaintiff has since multiplied to over one hundred and forty civil actions and over twenty appeals.

Because of Plaintiff's history of filing deficient complaints in this jurisdiction and in other jurisdictions, the Court cannot find that there is no bad faith on the part of Plaintiff in filing this Complaint. Also, because Plaintiff's one-quarter page Complaint contains only extreme factual allegations of a graphic nature, conclusory allegations of legal breach on the part of Defendant, and an extreme request for damages, the Court cannot find that it is clear the deficiencies of the complaint can be cured by amendment. Therefore, Plaintiff's Complaint will be dismissed with prejudice.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the Magistrate Judge Peggy A. Leen's Report and Recommendation (ECF No. 2) is **ACCEPTED** to the extent it is consistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 3) is **DISMISSED with prejudice**. The Clerk of the Court shall close this case.

DATED this 21st day of February, 2012.

_____
Gloria M. Navarro
United States District Judge